**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Blas Jesus CORBO, Defendant-Appellant.**

**No. 76–4403.**

United States Court of Appeals, Fifth Circuit.

July 15, 1977.

---

Nathan Kurtz, Miami, Fla. (court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, R. Jerome Sanford, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and FAY, Circuit Judges.

FAY, Circuit Judge:

Along with Antonio DeLaCova and Gary Latham, appellant was indicted for conspiracy, attempting to destroy a building used

in interstate commerce by means of explosives, and possession of unregistered firearms.[1] The other two defendants pleaded guilty prior to appellant's trial. In March 1976, DeLaCova introduced Miguel Peraza, an F.B.I. informant, to appellant at Peraza's home. On April 16, DeLaCova met with Peraza and told him that he planned to firebomb the home of Vincente Dopico, a magazine publisher. After purchasing materials for Molotov Cocktails, they met appellant who contributed a can of black gunpowder for the bomb. Appellant wanted to make bombs instead of incendiary devices. Early on the 17th, after the devices had been made, they went to Dopico's home where appellant and DeLaCova hurled the devices which failed to ignite. They returned to Peraza's house and, when DeLaCova left, Peraza called the F.B.I. DeLaCova had gone to Latham's house to type up a proclamation. He told Latham that he and appellant had thrown firebombs at Dopico's house.

On May 4, Peraza again met with DeLaCova who told him they were planning to bomb a bookstore on 8th Street and 34th Avenue. He stated the bomb would be built at Latham's apartment. The F.B.I. was informed and maintained surveillance of Latham's apartment. Peraza and DeLaCova were observed with Latham constructing the bomb. On the way into town, DeLaCova told Latham that appellant was to accompany them to the bookstore. Appellant was picked up and again expressed displeasure at the small size of the bomb. They parked the car about one block from the bookstore. DeLaCova was apprehended after placing the bomb at the store. Appellant and Latham were arrested in the car. The bomb contained gunpowder and dynamite.

In this appeal appellant argues he was so prejudiced by pretrial publicity as to warrant dismissal of the indictment or a change of venue. He alleges he was subjected to double jeopardy because of state prosecution on the same charges. He also argues the court had no jurisdiction because these were strictly state crimes. He alleges the court erred in selecting the jury. He contends that the court prohibited his counsel from making certain closing arguments about matters in evidence and thus prejudiced him. Finally he alleges the prosecutor's closing argument was so prejudicial as to deny him a fair trial.

■■■ Appellant argues the indictment should have been dismissed or a change of venue granted because of the pretrial publicity. Since appellant did not request a venue change in the district court, he cannot raise the matter now for the first time. The court denied appellant's motion to dismiss the indictment because of pretrial publicity due to appellant's failure to support the motion with evidentiary materials. To date, appellant has still not made the requisite showing. The critical issue is the actual or probable effect of the pretrial publicity on the trial itself, and more precisely, on those who sat in judgment of appellant. *Calley v. Callaway*, 5 Cir. 1975, 519 F.2d 184, 206. Appellant has made no showing that the publicity prejudiced him so as to deny him a fair trial. The jurors stated they did not hold preconceived notions of appellant's guilt.

■■■ Appellant next alleges his prosecution on state charges arising out of the same incident precluded federal prosecution and thus he was subjected to double jeopardy. This contention was considered and rejected by the Supreme Court in *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). The Court there discussed the dual sovereignties involved and found no constitutional bar to dual prosecution. *See also Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Additionally, the offenses here involved added elements not found in the state prosecution; a building in interstate commerce and a firearm not registered as required by a federal statute.

1. In violation of 18 U.S.C. 371 (Count I), 18 U.S.C. 844(i) and 2 (Count III), and 26 U.S.C. 5861(d) and 2 (Count II and IV), respectively.

■ Appellant argues the court did not have jurisdiction since no nexus with interstate commerce was ever established. This bald assertion is directly contradicted by the testimony of Alan Sandler, president of Fiesta Publishing Corporation, the company that supplied materials to the bookstore. He testified that the materials supplied to the bookstore had traveled in interstate commerce. The indictment charged attempting to destroy a building used in and affecting interstate commerce. Here the nexus was established by Sandler's testimony. *See Perez v. United States*, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971).

■ Appellant contends there was error in the selection of the jury because the court separated those prospective jurors who had heard of the case from those who had not. When the balance of jurors without knowledge was exhausted, the court then examined the jurors in the separated group. Counsel made no objection to this procedure at the time and so stated. The court then inquired of these jurors if they had formed an opinion about the case, and if so, if they could lay aside that opinion and base their verdict solely on the evidence presented on this case. Again defense counsel had no objection. A full panel was then empanelled. As noted *supra*, the standard for judging claims of jury prejudice based on pretrial publicity was set out in *Calley v. Callaway*. The jurors stated their verdict would be based on the evidence presented at trial, not on pretrial publicity. There was no error.

■ Appellant submits the court erred in not allowing his counsel to argue to the jury that the charges in this case had previously been dismissed. The only support for this argument is found in the rebuttal questioning of appellant. He was asked if the charges had been dismissed by Judge Eskenazi (United States Magistrate), and appellant replied he thought they had been dismissed by Judge Sorrentino (United States Magistrate). During closing argument counsel sought to argue this point to the jury, but the prosecutor's objection to same was sustained. Where an assertion finds scant support in the trial record, and is a self-serving remark of the accused, the trial court is justified in prohibiting such argument. See *United States v. Jackson*, 5 Cir. 1972, 470 F.2d 684, 687.

■ Appellant's final contention is that the prosecutor's closing argument was so prejudicial as to deny him a fair trial. He alleges the prosecutor commented on appellant's failure to deny the charges against him while testifying. During the trial, the appellant had taken the stand and mainly admitted his prior felony conviction. The Government's comments were improper. A defendant has the right to take the stand for a limited purpose, and if he then testifies about one particular area, the Government may not comment about the defendant's failure to testify about some other area. The defense objected at trial and the objection was sustained, followed by a curative instruction cautioning the jury to disregard the Government's comments. The judge acted correctly.

■ In determining whether the alleged improper argument by the prosecutor requires reversal, the reviewing court must weigh the degree to which the alleged improper argument may have affected the substantial rights of the accused. *United States v. Rhoden*, 5 Cir. 1972, 453 F.2d 598, 600. Here the prejudicial effect, if any, of the argument appears to be slight, while the evidence of guilt is overwhelming. Even if improper, the argument constituted no more than harmless error beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Having found all of appellant's contentions to be meritless, we affirm the judgment of the district court. AFFIRMED.