**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Reinaldo Antonio TANDA,
Defendant-Appellant.**

**No. 77–5469
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 1, 1978.

Rehearing Denied March 23, 1978.

Harold Mendelow, Miami, Fla., for Reinaldo A. Tanda.

Jack V. Eskenazi, U. S. Atty., James E. McDonald, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

AINSWORTH, Circuit Judge:

Appellant Reinaldo Antonio Tanda was convicted after a jury trial, of stealing $105 from a suitcase in the possession of a common carrier, which had been shipped in interstate commerce, in violation of 18 U.S.C. § 659. He was sentenced to two years' imprisonment pursuant to the split sentence provisions of 18 U.S.C. § 3651 but was required to serve only ninety days thereof with the remainder of his term being suspended and two years' probation upon his discharge. On this appeal Tanda contends that the manner of admitting the suitcase into evidence and the comments of the prosecutor in his closing argument required that the trial judge declare a mistrial.

Tanda's conviction was the result of an effort to stop pilfering of luggage by airline employees. The FBI planted a suitcase with a beeper device, which would emit a signal whenever the suitcase was opened, on a flight from San Juan to Miami. The suitcase contained an envelope inside of which was $105 in bills. The money was coated with a perspirant powder which produced a blue stain on contact with water or perspiration. The envelope was dusted to remove any powder from the exterior. Several other items in the suitcase were treated with a fluorescent powder which would be detectable under ultraviolet light. Shortly after the flight landed in Miami, FBI walkie-talkies picked up the signal indicating that the suitcase had been opened.

On examination of the suitcase the envelope inside was found but without the money. FBI agents requested that all employees handling the flight be rounded up for questioning. All except Tanda and one other employee, Quevanda, were quickly gathered. Tanda was eventually found attempting to wash a blue stain from his hand in a toilet. Under ultraviolet light, fluorescent powder was also detected. No powder was discovered on any other employee, including Quevanda, who was later located. The money was never recovered.

During the trial, the prosecutor presented the suitcase and referred to it in the course of his examination of witnesses but never formally introduced it into evidence. When a disagreement concerning the contents of the suitcase later arose, Tanda's attorney sought to bar admission of the suitcase. The trial judge ruled that given the length of time that the suitcase had been in the presence of the jury and had been discussed by both lawyers, the suitcase should be considered as already in evidence. Tanda later testified that when the suitcase reached him it was open with the envelope protruding and that he merely placed the envelope back inside the suitcase. Upon noticing the blue stain, he became terrified and attempted to wash the substance off. In his closing argument the prosecutor stated several times that Tanda had lied during his testimony.[1] While overruling the defense's motion for a mistrial, District Judge Eaton made curative instructions to the jury.[2]

1. In pertinent part the prosecutor stated:

It's the Government's position that we have proof beyond a reasonable doubt. Sure, there is a doubt. You can always doubt. You can say, well, nobody saw him. Maybe he didn't. Sure that's a doubt. We would then have to prove it beyond any doubt at all in your minds, but, is it reasonable to believe when you add up all the facts and you add up the fact that he had blue perspirant powder on his hands and Mendelow says it was only inside the envelope, that he bolted from the door, that he washed his hands in the toilet bowl, and you heard him lying. He didn't answer my question I was trying to ask him, "Why did you wash your hands in the toilet bowl?" And we could never get an answer out. And then a person lying about the FBI

saying, "Helping Tanda, helping them set up Quevanda," and then lying about the special soap, when you heard the soap man saying no such thing, and then lying about the FBI trying to intimidate him. And you add it all up, all the facts surrounding the case and all the things you heard in this case, it adds up to one thing, that he did, in fact, steal $105.

2. The trial judge gave the following instructions:

It is part of the charge and it is a very important part of the charge, number one, your verdict must be based upon the evidence in the case. Arguments of counsel is an important part of the trial, but it is not evidence in this case. So the purpose of final argument is to summarize and to attempt to place the evidence in the case in the position

**1124**

Tanda contends that the admission of the suitcase into evidence by the court was an improper assumption of the prosecutorial role by the judge. A reading of the record, however, indicates that the prosecutor, not the court, was responsible for presenting the suitcase to the jury. The trial judge's function was limited to ruling on the admissibility of the suitcase's contents after some items originally placed in the luggage were unaccounted for. Since counsel had brought the suitcase to the attention of the jury, simply noting that the suitcase was in evidence even in the absence of a formal introduction did not constitute impermissible prosecutorial action by the trial judge.

Tanda's second contention also does not require reversal. While the prosecutor may have been overzealous in expressing his belief that the defendant was lying, the comments must be considered in light of the record as a whole. *See Sykes v. United States*, 5 Cir., 1966, 373 F.2d 607, *cert. denied*, 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138 (1967). In this case, the prosecutor made no effort to convince the jury that he was relying on any evidence outside the record for this statement. *See United States v. Dawson*, 5 Cir., 1973, 486 F.2d

1326. The weight of the evidence was against the defendant. Moreover, the trial judge gave extensive curative instructions. Since the prejudicial effect was slight and a curative instruction was given, reversal of the conviction is not required. *See United States v. Corbo*, 5 Cir., 1977, 555 F.2d 1279.

AFFIRMED.

that each person arguing thinks it should fall, so that if somebody add to a charge certain factual matters to an argument, a certain factual matter which is not in the evidence, that doesn't make it evidence.

I could think of two or three times here both sides in arguing, although not intentionally, mentioned things which are not in evidence in the case.

The evidence comes through the witnesses and those tangible pieces of evidence. The argument is important, but it is not evidence in the case.

Now, both sides of this case, to some degree, and not intentionally, have injected personal views into the case. No lawyer has a right under the law and under the canons of ethics to give his personal opinion about the outcome, his view of what ought to happen in the case.

This is a good proposition of law, for this reason: Suppose a lawyer says, "I know this person a long time and there's a lot of things here that really haven't been introduced in this trial because of the rules of evidence but I know him a long time and I don't think he's guilty."

Well, that, of course, is not a valid and proper argument because it might cause a juror to say to himself, "Well, now, wait a minute. He may know more about it than I do," do you understand? Which is another way of saying, "I'm not basing my verdict upon the evidence in the trial," and the same thing is true if the United States gets up and says to you, "This man is doing this," or, "I believe he's lying," or, "I believe this, that and the other."

That might cause you to say, "Well, he's been in the case longer than I have, and he probably knows more about it than I do, so I'll accept that."

Well, you see, that is not proper, because it means that you are not basing your verdict upon the evidence. It is for you to decide what weight and what credibility is to be given to the testimony of the witness, and not for either one of these lawyers.

You understand that, of course, so argument is an important part of the trial, but you bear in mind that you are not to base your verdict upon anything other than the evidence presented in the courtroom.