UNITED STATES of America,
Plaintiff-Appellee,

v.

Roosevelt P. JACKSON,
Defendant-Appellant.

No. 77–5187
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1978.

John M. Turner, II, Court-appointed, Atlanta, Ga., for defendant-appellant.

Dr. Roosevelt P. Jackson, pro se.

William L. Harper, U. S. Atty., Richard I. Wile, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, 410–14, Part I.

PER CURIAM:

Dr. Roosevelt P. Jackson appeals from his conviction for income tax evasion.[1] After sentencing, Dr. Jackson's court-appointed trial counsel filed a notice of appeal on his behalf. Counsel subsequently filed with this court a document purporting to be a brief for Dr. Jackson and a motion to withdraw as appellate counsel on the grounds that the appeal is frivolous. We then directed counsel to submit a supplemental brief meeting the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), particularly as to the issue of suppression of evidence stolen from Dr. Jackson by an unnamed informant. From our review of appointed counsel's briefs, Dr. Jackson's pro se brief, and the entire record, we conclude that this appeal is without merit, and accordingly we grant appointed counsel's motion to withdraw and dismiss the appeal.

■ Dr. Jackson complains that the district court improperly admitted into evidence copies of business records that were stolen by a "divorced ex-spouse" and turned over to the Internal Revenue Service. It is well settled that the fourth amendment protects individuals against unlawful intrusions made by the government, not against those made by private parties. *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). " 'Where no official of the federal government has any connection with a wrongful seizure, or any knowledge of it until after the fact, the evidence is admissible.' " *United States v. Francoeur*, 547 F.2d 891, 893 (5th Cir. 1977) (quoting *United States v. Mekjian*, 505 F.2d 1320, 1327 (5th Cir. 1975)); *United States v. De La Fuente*, 548 F.2d 528, 540 (5th Cir. 1977), *cert. denied*, 431 U.S. 932, 97 S.Ct. 2640, 53 L.Ed.2d 249 (1977). Here the informant turned over the incriminating business records to the Internal Revenue Service on her own initiative; there is no evidence in the record or allegation in Dr. Jackson's brief that the Internal Revenue Service had any knowledge of the informant or interest in Dr. Jackson prior to that time. There is no merit to the appellant's fourth amendment claim.

■ The second issue is whether an IRS agent is constitutionally required to give *Miranda* warnings to a taxpayer in a noncustodial situation.[2] The Supreme Court has recently answered this question in the negative. *Beckwith v. United States*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976).

■ Dr. Jackson also claims that he was improperly denied the assistance of tax experts at government expense. The record reflects that the district court properly determined that he was financially able to provide his own experts. Record, Vol. 1, at 39–40; *see* 18 U.S.C. § 3006A(e)(1) (1976).

■ Dr. Jackson complains that his defense attorney was selected in an improper manner but does not allege that the assistance he received was ineffective. The record shows that appointed counsel filed several pretrial motions, raised numerous objections, effectively cross-examined Government witnesses, and argued strongly for Dr. Jackson. In the absence of particular allegations of ineffective assistance and resulting prejudice, there is no basis for examining the district court's appointment of counsel. *See Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978).

■ Dr. Jackson further contends that the evidence was insufficient to support the guilty verdict. The Government used the specific-item method of proof to demonstrate that appellant earned substantially more money than he reported and that he withheld this information from his account-

---

1. The jury found him guilty of violating 26 U.S.C. § 7201 (1970).

2. We term the situation here "noncustodial" since appellant in his pro se brief states that "[a]t no instance during the two years [sic] audit was the [appellant] made aware that he was being audited due to criminal charges, and in no instance were *Miranda* warnings given."

Appellant's Pro Se Brief at 5. It is therefore clear that the appellant did not consider himself, nor was he, " 'deprived of his freedom of action in any significant way.' " *Beckwith v. United States*, 425 U.S. 341, 347, 96 S.Ct. 1612, 1616, 48 L.Ed.2d 1 (1976) (quoting *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966)).

**1164**

ant. The evidence was overwhelming. The prosecution thus proved that Dr. Jackson willfully evaded his taxes. *See, e. g., United States v. Brown,* 548 F.2d 1194, 1199 (5th Cir. 1977).

Dr. Jackson asserts that the various motions that he filed on his own behalf were erroneously denied. An examination of the record indicates no abuse of discretion by the district court in ruling on these motions.

■ Dr. Jackson's final contention is that the prosecution "briefed the jury of all previous news articles that had been printed in city newspapers concerning the [appellant] before a verdict could be rendered." Appellant's Pro Se Brief at 6. The record is devoid of any references to newspaper articles concerning Dr. Jackson.

With the requirements of *Anders* in mind, we have carefully considered all the issues raised by Dr. Jackson in his brief to this court, as well as the supplemental brief submitted by court-appointed counsel at our direction. We conclude that there is no merit to this appeal, and therefore the appeal is DISMISSED. The motion filed by John M. Turner II for leave to withdraw as court-appointed counsel for appellant is GRANTED.