[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2011
JOHN LEY
CLERK

No. 10-10470
Non-Argument Calendar
_____

D.C. Docket Nos. 1:09-cv-01492-BBM
1:02-cr-00586-BBM-GGB-4


ADAN GIL MIRANDA,

                                             Petitioner - Appellant,

    versus

UNITED STATES OF AMERICA,

                                             Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 12, 2011)

Before EDMONDSON, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Adan Gil Miranda appeals the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. The district court granted a certificate of appealability on whether counsel was ineffective for failing to call witnesses at trial. No reversible error has been shown; we affirm.

In reviewing a district court's denial of a section 2255 motion, we review legal conclusions de novo and fact determinations for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).

To prevail on a claim of ineffective assistance of counsel, defendant must demonstrate that (1) his counsel's performance was deficient, and that (2) he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). About the first part, the proper measure of counsel's performance is reasonableness under prevailing professional norms; and our review of counsel's performance must be highly deferential. Id. at 2065. A "strong presumption" exists that counsel's conduct fell within the range of reasonable professional assistance. Id. About the second part, prejudice requires a showing that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 2068.[1]

A jury convicted Miranda of drug conspiracy, substantive drug offenses, and a firearm offense. Evidence at trial showed that agents with the Drug Enforcement Administration ("DEA") executed a search warrant at an apartment belonging to Jose Jaimes Cambray. Miranda lived in this apartment with Cambray and Jose Calderon Salgado. DEA agents testified that when they entered the apartment, Miranda ran down the hall and into the bedroom that contained drugs, drug paraphernalia, and guns.[2] At trial, Miranda maintained that he was merely present in the apartment and was not part of the conspiracy.

In his section 2255 motion, Miranda alleged that witnesses -- including Cambray, Salgado, and Adelaida Villareal -- were willing and able to testify in support of his mere presence defense, specifically that Miranda did not run down the hallway when agents entered the apartment. After an evidentiary hearing, the district court concluded that counsel provided effective assistance. On appeal,

---

[1]A defendant must satisfy both parts of the test to show a Sixth Amendment violation; if he fails to demonstrate sufficiently one of these parts, we need not address the other. Id. at 2069.

[2]These facts, and other pertinent facts, are recited in a prior panel decision. See United States v. Miranda, 425 F.3d 953, 955-58 (11th Cir. 2008).

Miranda argues that his lawyer's decision not to call witnesses was not a reasonable strategic decision, especially given that, during opening statements, his lawyer said he would call witnesses to rebut the government's version of events.

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978). "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision" that will seldom, if ever, serve as grounds to find counsel constitutionally ineffective. Conklin v. Schofield, 366 F.3d 1191, 1204 (11th Cir. 2004). To show that counsel's conduct was unreasonable, defendant must demonstrate that no competent counsel would have taken the action that his counsel did take. Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000). We conclude that Miranda cannot meet this high standard.

At the evidentiary hearing, Miranda's lawyer indicated that he had planned to call witnesses, including Cambray, to rebut the government's version of events and to support Miranda's mere presence defense. But after hearing the testimony of Sebastian Cambray Cuevas, the alleged leader of the drug-trafficking organization, Miranda's lawyer thought the testimony was the "lynchpin" of a not

4

guilty verdict for Miranda. At trial, Cuevas had testified, in pertinent part, that Cambray worked for him but that Cuevas did not know either of the men who Cambray lived with and that Cuevas never had conducted drug business with them.

Although Cuevas did not expressly exonerate Miranda, his testimony did suggest that Miranda was uninvolved in the conspiracy. And no other trial testimony directly implicated Miranda in the drug conspiracy. In addition, while the testimony of Cambray and Salgado may have contradicted the testimony of the DEA agents about the details and events on the day the apartment was searched, such testimony also would have established that Miranda lived at the apartment while drug processing and drug distribution had been occurring. And Cambray and Salgado could have been cross-examined about their own criminal histories and guilty pleas in the same conspiracy, thus placing Miranda in the company of known drug dealers. So, given the strength of Cuevas's testimony in not placing Miranda in the conspiracy and the potential harmful testimony of the uncalled witnesses, we cannot say that counsel's decision to rely on Cuevas's testimony, instead of calling witnesses, was unreasonable. See Sanchez v. United States, 782 F.2d 928, 935 (11th Cir. 1986) (explaining that "[w]hen a lawyer makes an

5

informed choice between alternatives, his tactical judgment will almost never be overturned on habeas corpus").[3]

Miranda also argues that counsel's decision not to call witnesses was based on a conflict of interest: that his counsel was working closely with a codefendant's counsel and did not wish to call Cambray and Salgado to testify on Miranda's behalf because their testimony would have been damaging to the codefendant's case. A petitioner must show an actual conflict of interest that is "more than a possible, speculative, or a merely hypothetical conflict." Reynolds v. Chapman, 253 F.3d 1337, 1342-43 (11th Cir. 2001) (internal quotation omitted).

Miranda's allegation of an actual conflict is belied by his and his lawyer's testimony at the evidentiary hearing. Miranda testified that his lawyer told him, after Cuevas's testimony, that it would no longer be necessary to call witnesses. And his lawyer testified that the decision not to call witnesses was not made with an aim to avoid harming the codefendant's case. Any perceived conflict is speculative and unsupported by counsel's decisions through the course of the trial.

---

[3]We also conclude that counsel's decision is not unreasonable even though counsel stated in his opening statement that he would show that Miranda opened the door for the DEA agents and that Miranda immediately was taken down by agents and placed on the floor, in contradiction to the testimony of the DEA agents. Counsel did not present this evidence at trial because he decided -- not unreasonably -- to rely on Cuevas's testimony instead.

Miranda also challenges as ineffective counsel's decision not to investigate Villareal -- who was present at the apartment on the day of the search -- as an exculpatory witness. But Miranda's counsel investigated potential witnesses for his mere presence defense and interviewed everyone present in the apartment during the search except for Villareal. "Counsel for a criminal defendant is not required to pursue every path until it bears fruit or until all conceivable hope withers." United States v. Hughes, 635 F.2d 449, 453 (5th Cir. 1981) (citation and quotation omitted).

And all Miranda provided in the way of what Villareal would testify to is that she would have said she did not open the door when the DEA agents arrived at the apartment. But the testimony that a woman opened the door to the apartment was not critical to Miranda's conviction: instead, the key issue that the DEA agents testified to was that Miranda ran down the hall to the back bedroom, where the drugs and weapons were. Thus, Villareal's testimony would not have been sufficiently probative to show that Miranda was prejudiced by not having her testify.

Miranda has not shown that his lawyer's failure to call witnesses was an unreasonable decision that no reasonably competent counsel would have taken;

and he has thus failed to meet his burden of showing that he received constitutionally ineffective assistance of counsel.

AFFIRMED.