[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2011
JOHN LEY
CLERK

No. 10-13039
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-20096-PCH

TRINITY KELE CHANEY,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 15, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Trinity Kele Chaney, a Florida prisoner serving a life term of imprisonment,

appeals from the district court's denial of his motion for post-conviction relief

under 28 U.S.C. § 2254. The district court granted a certificate of appealability (COA) on two issues, so we have jurisdiction to hear his appeal. Because we conclude that the state court's decision was not contrary to or an unreasonable application of federal law, we affirm.

I.

In May 2002, a jury convicted Chaney of second-degree murder in the shooting death of Curtis Burns. Chaney admitted that he killed Burns but argued that he did so in self-defense. According to Chaney, Burns approached him with a knife and began to attack and, to protect himself, Chaney shot Burns three times and then kicked him when he fell onto the ground.[1] But Chaney was convicted and received a sentence of life imprisonment. The appeals court in Florida upheld his conviction and sentence on direct appeal, and the Florida Supreme Court declined review. Chaney petitioned for post-conviction relief in state court, which was denied.

Chaney then filed a § 2254 petition in district court, asserting several trial errors and ineffective assistance of counsel claims. The district court denied his petition but granted a COA on two claims: (1) that trial counsel was ineffective in

---

[1] Chaney chose not to testify at trial, but a homicide detective testifying for the state told the jury Chaney's version of the shooting.

failing to consult with and proffer the testimony of an edged-weapons defense tactics expert; and (2) that trial counsel was ineffective in failing to introduce the testimony of Assistant Medical Examiner Dr. Emma Lew. This appeal followed.

## II.

We review a district court's order denying a § 2254 petition *de novo*. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). We may not grant a habeas petitioner relief on any claim that was adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In determining whether a state court unreasonably applied federal law, we:

> must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then [we] must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court].

*Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). We must deny relief if there is

3

*any* argument to support the state court's decision. *Id.* "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*

To establish a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) his defense was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a "'strong presumption' that counsel's performance was reasonable and that counsel made 'all significant decisions in the exercise of reasonable professional judgment.'" *Newland v. Hall*, 527 F.3d 1162, 1184 (11th Cir. 2008) (quoting *Strickland*, 466 U.S. at 689-90). "Thus, the petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Id.* (internal quotation marks omitted).

When analyzing a claim of ineffective assistance under § 2254(d), our review is "doubly" deferential to counsel's performance. *Harrington*, 131 S. Ct. at 788. Under § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is *any* reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* (emphasis added). To demonstrate prejudice, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

4

III.

A.

Chaney first argues that his trial counsel rendered ineffective assistance by failing to consult with and proffer the testimony of an edged weapons defense tactics expert. Specifically, he contends that the testimony of a veteran police trainer and edged weapons defense tactics expert, Emanuel Kapelsohn, would have provided the jury with explanations of: (1) the imminency of a knife attacker's threat when in close proximity to a victim; (2) the absense of a reasonable path of retreat during a knife attack; (3) the need for repeated gunshots to a knife attacker to neutralize the threat; (4) the possibility that a knife attacker, once fatally shot, can continue to attack for thirty seconds or more; (5) the possibility of a gun jam and the need to use one's hands and feet in defense if a jam occurs; and (6) the reasonableness of an attacker being shot in the back in self defense. According to Chaney, the absence of this testimony prejudiced his defense. The state court found that Chaney failed to show that Kapelsohn's testimony was admissible and therefore did not establish that his counsel's failure to introduce the testimony constituted deficient performance.

We conclude that the state court's ruling was neither contrary to, nor an unreasonable application of, clearly established law. Ineffective assistance claims

5

based on "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because all allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978).[2] "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision" that seldom, if ever, serves as grounds to find counsel's assistance ineffective. *Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004).

We have held that "the mere fact a defendant can find, years after the fact, [an] . . . expert who will testify favorably for him does not demonstrate that counsel was ineffective for failing to produce that expert at trial." *Davis v. Singletary*, 119 F.3d 1471, 1475 (11th Cir. 1997) (counsel was not ineffective for failing to call a mental health expert to testify). This is especially true when reviewing a state court's finding that counsel was not ineffective for failing to call such an expert to testify. *See Harvey v. Warden, Union Correctional Institution*, 629 F.3d 1228, 1262-63 (11th Cir. 2011) (emphasizing the deference afforded the state court in determining whether counsel was deficient in failing to call a particular expert). In this case, Chaney provided the state court with Kapelsohn's

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this court adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

affidavit, dated January 2007, five years after his 2002 trial. Thus, the mere fact that Kapelsohn's purported testimony is favorable does not render trial counsel's performance deficient. For this reason, the state court's decision to deny Chaney's claim was not contrary to, or an unreasonable application of, clearly established federal law.

B.

Chaney also argues that his trial counsel provided ineffective assistance by failing to introduce the testimony of Assistant Medical Examiner Dr. Emma Lew. According to Chaney, Dr. Lew—listed as a state witness but not called during trial—would have testified that autopsy results, police reports, and crime scene photographs were consistent with Burns being the initial attacker. Chaney contends that the absence of Dr. Lew's testimony was prejudicial because her testimony would have contradicted the state's medical examiner, Dr. Daniel Spitz, who testified that based on his examination of the crime scene and of Burns's body at the scene and during the autopsy, including gunshot residue, Burns was likely unarmed.

The state court found that trial counsel's failure to introduce Dr. Lew's testimony was not prejudicial because Dr. Lew could not testify whether or not Burns was holding or attacking with a knife and did not have an opinion as to

7

whether the shooting was in self-defense.  This ruling was a reasonable application of *Strickland*.  Dr. Lew's testimony would not have reliably contradicted Dr. Spitz's testimony because Dr. Lew's observations were based on an incomplete and second-hand analysis of the crime scene.  Dr. Lew examined only police reports and Dr. Spitz's autopsy report and crime scene photographs; she did not personally examine the crime scene, Burns's body, or gunshot residue at the scene and on Burns's body, as Dr. Spitz did.  Because Dr. Lew's testimony was not definitively sufficient to rebut Dr. Spitz's comprehensive testimony based on first-hand observations, the state court's determination that counsel did not prejudice Chaney's defense by failing to introduce the testimony was not unreasonable.

III.

Because Chaney failed to establish that the state court's ruling on either of his ineffective assistance claims was contrary to, or an unreasonable application of, clearly established federal law, we affirm the ruling of the district court denying his claims.

**AFFIRMED.**