# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50540

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2020

Lyle W. Cayce
Clerk

TERRY ALLEN MILES,

Plaintiff-Appellant

v.

HORATIO R. ALDREDGE, Federal Public Defender's Office; JOSE GONZALEZ-FALLA, Federal Public Defender's Office,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-473

Before HAYNES, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Terry Allen Miles appeals the dismissal, as frivolous, of his civil rights action alleging that the defendants, while representing Miles in a criminal prosecution, disclosed confidential attorney-client communications to a third party, made malicious and disparaging remarks about him to a third party, verbally abused and threatened him, and failed to use exculpatory medical and psychological evidence at trial. In connection with his appeal, Miles moves for

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

leave to proceed in forma pauperis (IFP) and for a change of venue.  Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  Thus, lack of funds is not the sole issue in assessing a requires to proceed in forma pauperis on appeal.  In *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997), we held that a litigant may challenge this conclusion of lack of good faith on appeal; thus, we construe Miles's appeal as such a challenge.

However, Miles does not address the district court's pertinent findings that, as public defenders performing traditional legal functions, Aldredge and Gonzalez-Falla could not be sued under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or 42 U.S.C. § 1983, *see Polk County v. Dodson*, 454 U.S. 312, 325 (1981), or that Miles's claims are, in any event, barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Consequently, he fails to show that the district court abused its discretion in denying IFP status because of the lack of a good faith basis for the appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  We accordingly deny the IFP motion.

We also deny Miles's motion for a change of venue because he did not first seek a change of venue in the district court.  *See United States v. Corbo*, 555 F.2d 1279, 1281 (5th Cir. 1977).  Finally, because Miles's appeal is frivolous in light of *Polk County* and *Heck*, and because the merits of his appeal "are so intertwined with the [IFP] certification decision as to constitute the same issue," *Baugh*, 117 F.3d at 202 & n.24, we exercise our discretion to dismiss the appeal as frivolous, *see* 5TH CIR. R. 42.2.

The dismissal of Miles's civil rights action and the dismissal of this appeal, both as frivolous, each count as a strike under 28 U.S.C. § 1915(g).  *See*

No. 19-50540

*Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Miles is warned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

MOTION TO PROCEED IFP DENIED; MOTION FOR CHANGE OF VENUE DENIED; APPEAL DISMISSED AS FRIVOLOUS; THREE-STRIKES WARNING ISSUED.