**Frazier EATON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 21574.

United States Court of Appeals
Ninth Circuit.

Oct. 23, 1967.

Rehearing Denied Nov. 30, 1967.

Frazier Eaton, in pro. per.

Eugene G. Cushing, U. S. Atty., Seattle, Wash., for appellee.

Before CHAMBERS and MERRILL, Circuit Judges, and JAMESON, District Judge.

JAMESON, District Judge:

Appellant was found guilty by a jury of the sale and concealment of narcotics as charged in a seven count indictment. Upon the filing of a second offender information, he was sentenced to 15 years imprisonment on April 22, 1963, and is now in custody under that sentence.

On September 6, 1966, appellant filed a motion to vacate sentence pursuant to Section 2255 of Title 28 U.S.C. The motion was denied without a hearing on September, 7, 1966. This appeal followed.[1]

Appellant alleged in his motion. and here contends that through fraud and deceit of his retained counsel he was deprived of (1) a material and principal witness for his defense, and (2) his constitutional right to have compulsory process for obtaining witnesses in his favor.

Eaton's defense was entrapment. One George E. Carter, a Narcotics Enforcement Officer, was subpoenaed, but not called, by the Government. Eaton's counsel also had a subpoena issued for Carter, which was returned unexecuted at the request of counsel. Eaton's affidavit in support of his motion recites that he was assured by his counsel that Carter would be called as a witness and that counsel had subpoenaed Carter; that he did not learn of his counsel's action in arranging for the issuance of a subpoena and then having it returned unexecuted until the reading of the trial court's order dated August 10, 1964, ancillary to another criminal case.[2]

Eaton alleged in his motion that his "whole defense was dependent upon the testimony of George E. Carter, to sustain the defense of entrapment". In his brief in this court he argues that Carter's testimony "might well have tipped the scale in appellant's favor, as it would have gone to the heart of the case"; and that "appellant had but one defense, entrapment", and his counsel "had informed the court that it was necessary to have all persons available in court to sustain such defense".

1. On September 14, 1966, appellant wrote the sentencing court a letter requesting that the order of September 7, 1966, be rescinded and that he be given a hearing or in the alternative that the court prepare findings of fact and conclusions of law. The request was denied by letter dated November 17, 1966.

2. It appears from appellee's brief, not questioned in appellant's reply, that the order of August 10, 1964, was issued in a section 2255 proceeding in another case in which Eaton contended that the Government had concealed the whereabouts of Carter by failing to subpoena him as a witness and thereby deprived Eaton of the opportunity of calling him. In rejecting this contention the trial court called attention to the fact that both the Government and defendant had subpoenaed Carter, but defendant's subpoena "was returned unexecuted at the request of his retained counsel".

There is no allegation in the motion or statement in appellant's brief as to what Carter would have testified if called as a witness. No facts are alleged to sustain an inference that the testimony would have been favorable to appellant. On the contrary, it seems more probable that appellant's retained counsel decided that Carter should not be called because his testimony would be adverse.

■ It is well settled that a motion under section 2255 is properly denied without a hearing where it states "only bald legal conclusions with no supporting factual allegations". Sanders v. United States, 1962, 373 U.S. 1, 19, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148. This rule has been applied in at least two cases based on failure to subpoena or call a material witness.

In Adams v. United States, 1955, 95 U.S.App.D.C. 354, 222 F.2d 45, 47, appellant contended that his trial counsel was incompetent in that he had failed to subpoena a material witness. In holding that a hearing under section 2255 was not required, the court said: "As to the absent witness, appellant does not say what the substance of his testimony would have been, asserting merely that it would have established his innocence. Thus, on the face of the record, appellant's present allegations—even if true— would not sustain his claim that he was not given a fair trial and that his sentence should be set aside".

In Steele v. United States, 10 Cir. 1966, 362 F.2d 536, 537, appellant contended that a factual issue was raised by a statement in his hand-written petition "that a named person, if called as a witness, would testify that the premises on which (an) unregistered still was found and seized was not in the petitioner's possession and control". After pointing out that there was nothing in the pleadings or statement to indicate that the witness "was unavailable at the trial of the case, that the nature of his testimony was unknown, or that it was suppressed in any way", the court said: "It was not incumbent upon the court to conduct an evidentiary hearing on the mere chance that, if called, the witness would testify to any facts which would substantially affect the regularity or integrity of the jury trial pursuant to which petitioner was sentenced".

■ It is true of course that an accused has the right under the Sixth Amendment to "compulsory process for obtaining witnesses in his favor". He is entitled also to "effective aid in the preparation and trial of his case. * * * This does not mean that trial counsel's every mistake in judgment, error in trial strategy, or misconception of the law would deprive the accused of a constitutional right". Determining whether due process has been met requires a decision as to whether "in all the attending circumstances there was a denial of fundamental fairness". Brubaker v. Dickson, 9 Cir. 1962, 310 F.2d 30, 37.

■ Alleged misconduct or incompetence of counsel may, in a proper case, raise issues of fact which require hearing. Jones v. Huff, 1945, 80 U.S.App. D.C. 254, 152 F.2d 14. Here, however, there is no allegation or statement to show either (1) what the substance of Carter's testimony would have been, or (2) that appellant made any attempt, through inquiry of Carter, appellant's counsel, or otherwise, to ascertain what Carter would have testified had he been called as a witness. No facts have been alleged from which it might reasonably be inferred that Carter's testimony would have been favorable to the accused on the issue of entrapment. The facts of the alleged entrapment which Carter might have been expected to corroborate are not set forth. Appellant's surmises and conclusions are insufficient to support his contention that he was deprived of due process or that his retained counsel was either incompetent or guilty of fraud or deceit.

Judgment affirmed.