**Frazier EATON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 7539.**

United States District Court, W. D. Washington, N. D.

May 15, 1970.

John H. Bradbury, of Howard, Le Gros, Buchanan & Paul, Seattle, Wash., for plaintiff.

Stan Pitkin, U. S. Atty., Charles Pinnell, Asst. U. S. Atty., Seattle, Wash., for defendant.

## OPINION

BEEKS, District Judge.

Frazier Eaton has been before this Court and the Court of Appeals many times.

This matter came on for hearing on 27 March 1970 pursuant to the Order of the United States Court of Appeals for the Ninth Circuit to grant the plaintiff, Frazier Eaton, a hearing pursuant to 28 U.S.C. § 2255, the only issue involved being his claim of inadequate representation due to counsel's failure to subpoena an important witness, George E. Carter, to testify at his trial on 27 and 28 March 1963.

At the hearing the plaintiff was represented by his appointed counsel, John H. Bradbury, and the plaintiff presented testimony on his own behalf; the defendant was represented by Assistant U.S. Attorney Charles Pinnell, and the defendant presented the testimony of Mr. August Hahn, the plaintiff's trial counsel, and former Assistant U.S. Attorney Ronald Neubauer.

This hearing is typical of the situation prevalent in the Courts of this country. Once all other courses of action are closed, these petitioners attack the competence of their attorneys. After a long time has passed and the attorney's memory has faded, he is put on trial, often in absentia. This has had a devastating effect on the members of the legal profession.

The Court, having heard the evidence submitted by both parties, and after due consideration, makes the following findings:

1. George Carter was a government informant. Both Mr. Hahn and defendant, Frazier Eaton, considered that Mr. Carter might be an important witness to establish a possible defense of entrapment.

2. On 20 March 1963, plaintiff's lawyer, August Hahn, caused a subpoena to be issued requiring Carter's presence at plaintiff's trial, but on 21 March 1963, at Mr. Hahn's request, the subpoena was returned unexecuted. At no time did Mr. Hahn advise the plaintiff he had requested the subpoena to be returned unexecuted, nor did he give any explanation to plaintiff for doing so.

3. The government caused a subpoena to be issued requiring Mr. Carter's attendance at plaintiff's trial, and the subpoena was executed on 25 March 1963.

4. Prior to Eaton's trial his attorney, August Hahn, was afforded the opportunity of interviewing Mr. Carter. The interview was held at the Bureau of Narcotics office in the United States Courthouse and lasted approximately 5 to 25 minutes. The initial interview was held in the presence of Bureau of Narcotics Agents and Mr. Neubauer, the government's attorney, but thereafter the plaintiff's counsel was given the opportunity to interview the witness and did interview the witness out of the presence of Mr. Neubauer or any agents.

5. Carter informed Hahn that he had met Eaton while Eaton was incarcerated in the Washington State Penitentiary at Walla Walla, Washington, and while there Eaton told Carter that he was going to become a dealer in narcotics after he left. Based upon the testimony of Mr. Hahn and Mr. Neubauer, the Court further finds that the factual information given by Carter to Mr. Hahn would not have supported a defense of entrapment or any other aspect of Eaton's defense. Moreover, both Mr. Hahn and Mr. Neubauer felt, following the interview, that any testimony given by Carter would have bolstered the government's case. Based upon his interview with Mr. Carter, Mr. Hahn decided not to call Carter as a defense witness. This was a matter of trial strategy and I find it to have been correct.

6. Mr. Hahn did not inform plaintiff of his decision not to call Carter as a witness, did not advise plaintiff that Carter was available to testify during the trial and did not obtain plaintiff's permission not to call Carter as a witness. The plaintiff at no time before or during the trial was aware that he, as an accused, enjoyed a right under the

Sixth Amendment of the U.S. Constitution to have "* * * compulsory process for obtaining Witnesses in his favor;" the plaintiff was never advised by Mr. Hahn that he enjoyed such a right, nor did Mr. Hahn obtain plaintiff's permission to waive said right, and the plaintiff, not being aware of the right, neither intentionally nor knowingly waived the right. I do not find this violated any constitutional right of plaintiff, nor was there a denial of fundamental fairness. See Brubaker v. Dickson, 310 F.2d 30 (9th Cir. 1962) cert. denied, 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963) cited in Eaton v. United States, 384 F.2d 235 (9th Cir. 1967).

7. The Court further finds and reiterates his previous holdings made in this case by Order dated December 4, 1964, that at the trial Mr. Hahn ably represented plaintiff and at all times evidenced a thorough knowledge and understanding of the case. Mr. Hahn was at the time of trial a competent lawyer who had previously distinguished himself as a Deputy Prosecuting Attorney.

8. The Court further finds that at the present hearing Mr. John Bradbury, his appointed counsel, evidenced a thorough knowledge of the case and complete competence.

This opinion constitutes the Court's findings of fact and conclusions of law pursuant to 28 U.S.C. § 2255.