**Richard Bruce KITCHEN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 75–4334
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 27, 1976.

Rehearing Denied June 25, 1976.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Michael H. Blacker, Miami, Fla., for petitioner-appellant.

Robert W. Rust, U. S. Atty., Joel C. Fanning, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before GODBOLD, DYER and MORGAN, Circuit Judges.

PER CURIAM:

On May 26, 1974, Kitchen, represented by counsel, was convicted in a nonjury trial for the distribution and possession with the intent to distribute 56 grams of phencyclidine and 16 grams of cocaine in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2. The conviction was affirmed on direct appeal. Thereafter, Kitchen filed a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255 on the ground that the Government failed to prove that the alleged offenses were committed in the Southern District of Florida. The district court denied relief. We affirm.

Kitchen first raised the issue of venue over a year after sentencing. Defects relating to venue are waived unless asserted prior to trial. *Harper v. United States,* 5 Cir. 1967, 383 F.2d 795. In any event, there is ample proof that the drugs were sold in the Southern District of Florida. Cf. *United States v. Graves,* 5 Cir. 1970, 428 F.2d 196.

AFFIRMED.