**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Phillip COWART, Defendant-Appellant.**

Nos. 78–3308, 78–5387

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1979.

James C. Fleming, Lee H. Henkel, Jr., Atlanta, Ga., for defendant-appellant.

William L. Harper, U. S. Atty., Dorothy Y. Kirkley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

AINSWORTH, Circuit Judge:

Phillip Cowart appeals his conviction, following a jury trial, for failure to file federal income tax returns in violation of 26 U.S.C. § 7203. Cowart asserts that he was deprived of a fair trial because of ineffective assistance of counsel. We reject that contention and affirm the conviction.

Appellant was indicted for failure to file federal income tax returns in 1973, 1974 and 1975. At a pretrial conference, the Government announced its intention to offer in evidence tapes of a tax protest seminar allegedly attended by appellant. The tapes purportedly demonstrated that Cowart willfully failed to file, since the information included on his returns followed the advice given at the seminar.[1] On the Government's assurance that it would establish appellant's presence at the tax protest meeting, the district court tentatively agreed to admit the tapes for the purpose of showing Cowart's "motive and state of mind for filing 'protest type returns.'" However, on the objection of appellant's counsel at trial, the district court excluded the tapes and transcripts of the seminar from the Government's case in chief, because the Government had failed to establish the fact of Cowart's presence at the protest meeting. The court advised that it would reconsider the admissibility of the tapes if Cowart chose to testify and the Government established his presence at the seminar. Cowart did not take the stand and his counsel presented no evidence and called no witnesses.

Appellant now contends that his attorney's failure to present a defense constitutes ineffective assistance of counsel. In an affidavit submitted with the Government's response to appellant's motion for a new trial, Cowart's trial counsel stated that he "probably would have advised the defendant that he ought to testify to dispel

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. Cowart filed Form 1040's for the years 1973, 1974 and 1975 that did not contain the financial information necessary for computation of his federal tax due and owing. He refused to answer most of the standard questions on the forms, indicated his reliance on his fifth amendment privilege against self-incrimination, and attached various documents purportedly explaining the basis for his refusal to answer the questions.

some impressions left by the tape[s]" of the tax protest seminar if they had been admitted in evidence. However, when the trial court ruled that the tapes would be admissible, if at all, only if appellant took the stand, counsel concluded that "tactically we were in a better position if the tax protest seminar tapes were never admitted. This could only be assured if the defendant did not testify. . . . The Government had introduced the entire set of protest and corrected returns and had no other direct evidence of willfulness. In my opinion, it was more advantageous to the defendant to proceed with closing argument on that record than to risk the possibility of introduction of the tapes and other impeachment of the defendant." In addition, Cowart's trial counsel contended that he advised against calling one character witness suggested by appellant because he "would be easily impeachable," and asserted that he and Cowart "mutually decided not to call the other suggested character witness."

The district judge said in his order denying appellant's motion for a new trial that "[t]he drastic change caused by the Government's failure to properly establish defendant's presence at the tax seminar . . . resulted in an apparent tactical decision not to put up defendant. The decision not to put up evidence, considering all the facts and circumstances at the moment, cannot be said to be the result of ineffective assistance of counsel." We agree. "To establish a denial of the sixth amendment right to counsel where defendant retained his own counsel requires either (1) that retained counsel performed so poorly as to render the proceedings fundamentally unfair or (2) that retained counsel's conduct fell short of reasonably effective assistance and some responsible government official connected with the criminal proceeding who could have remedied the conduct failed in his duty to do justice to the accused." *United States v. Childs*, 5 Cir., 1978, 571 F.2d 315, 316. Appellant has satisfied neither requirement. Accordingly, we affirm his conviction and the district court's order denying his motion for a new trial.

AFFIRMED.