UNITED STATES of America, Plaintiff-Appellee,

v.

Roderick Marvin GREER, Defendant-Appellant.

No. 79–1628

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Roderick M. Greer, pro se.

J. R. Brooks, U. S. Atty., George C. Batcheler, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

GODBOLD, Circuit Judge:

The petitioner is serving sentences totaling 30 years for conspiracy, bank robbery and interstate transportation of a stolen motor vehicle. His conviction was affirmed, *U. S. v. Greer*, 566 F.2d 472 (CA 5), *cert. denied*, 435 U.S. 1009, 98 S.Ct. 1881, 56 L.Ed.2d 391 (1978). Petitioner filed a motion to vacate under 28 U.S.C. § 2255 alleging: absence of jurisdiction because of an invalid indictment; ineffective assistance of counsel; error by the trial judge consisting of prejudicial remarks and premature reading of petitioner's presentence report; denial of speedy trial. The district court, in a full opinion, found all these contentions were without merit. Petition to appeal IFP was denied and petitioner subsequently filed a second (and present) § 2255 petition. In this petition he asserts that he was arrested and illegally detained without probable cause in violation of his Fourth and Fifth Amendment rights and in violation of due process.

■ In the direct appeal from his conviction petitioner asserted that his written confession, given after he had been in detention for several hours, had been illegally obtained because he had been arrested and detained for several hours without probable cause. We held that there was no probable cause to arrest or detain Greer, but we found that his confession was not the result of his illegal detention but rather of his realization that law enforcement officers had evidence against him and were going to bring state charges and of his desire to make the best possible deal for himself. We concluded that his act of free will in making his confession removed the taint of the illegal arrest and detention, and accordingly we affirmed the finding of the trial judge that the confession was not the product of an illegal arrest. The contentions made by the present petition are simply further amplification of the same argument made and decided adversely to Greer in his merits appeal. The district court did not err in dismissing the present petition.

■ By an addendum to his brief petitioner raises a new point not raised in the district court, contending that his case should have been tried in the Northeastern Division of the Northern District of Alabama but was instead tried more than 100 miles away in the Southern Division of the Northern District. The issue was not raised below and ordinarily would not be considered on appeal, *King v. U. S.*, 565 F.2d 356 (CA 5, 1978), but to obviate the possibility of a successive petition we reach the question and hold that it has no merit. The matter of venue was waived because not asserted prior to trial. *Kitchen v. U. S.*, 532 F.2d 445 (CA 5, 1976).

AFFIRMED.