**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Stanley Jules JOHNSON,
Defendant-Appellant.**

**No. 79–3083
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 25, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Stanley J. Johnson, pro se.

Robert J. Boitmann, Fredericka L. Homberg, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The Petitioner, Stanley Jules Johnson, seeks to have his sentence vacated pursuant to 28 U.S.C. § 2255. Petitioner, along with his codefendant Leonard Washington, was indicted by a Federal Grand Jury on November 20, 1975, for the crimes of robbery of a Federally insured bank under 18 U.S.C. § 2113(a), assault and putting lives in jeopardy while committing the robbery under 18 U.S.C. § 2113(d), and the murder of an individual, incident to the bank robbery,

under 18 U.S.C. § 2113(e). The Petitioner was tried before a jury, which found him guilty of violating 18 U.S.C. §§ 2113(a), (d) and .(e). He was sentenced to a term of ninety-nine years in the custody of the Attorney General. Petitioner sought a motion for a new trial in this case, which was denied. This Court affirmed his convictions in *United States v. Washington*, 550 F.2d 320 (5th Cir. 1977), *cert. denied*, 434 U.S. 832, 98 S.Ct. 116, 54 L.Ed.2d 92 (1977). The District Court subsequently denied Petitioner's Section 2255 motion. On appeal of that denial, Petitioner raises eight points of error in this collateral attack on his sentencing.

The Petitioner alleges that his appointed counsel was so ineffective that it prejudiced his rights to a fair trial under the Sixth Amendment. Secondly, Petitioner contends that the failure of defense counsel to call a Government witness, whom the Government refused to call, or to argue to the jury his failure to testify, likewise prejudiced his right to a fair trial. Thirdly, Petitioner contends that the indictment was defective since it was based upon the testimony of the above Government witness. Fourth, Petitioner claims that the failure of defense counsel to question a Government witness on her acceptance of a reward in the case prejudiced his right to a fair trial. Fifth, Petitioner claims that the failure of defense counsel to subpoena certain defense witnesses was prejudicial error. Sixth, Petitioner argues that the discharging of a defense witness before testifying, due to a stipulation, prejudiced Petitioner's right to a fair trial. Seventh, Petitioner contends that defense counsel prejudiced Petitioner's rights by not presenting evidence regarding the Petitioner's inability to walk without assistance. Lastly, Petitioner claims that his rights were prejudiced when he was allegedly branded, during the trial, as a murderer of a priest and a nun.

■ In a Motion to Vacate Sentence under 28 U.S.C. § 2255, the issue is whether the alleged error amounted to a fundamental defect, which resulted in a miscarriage of justice. *See Howard v. United States,* 580 F.2d 716, 720 (5th Cir. 1978). The Sixth Amendment grants a defendant a right to effective, not errorless, counsel. *See United States v. Johnson,* 575 F.2d 1347,. 1359 (5th Cir. 1978), *cert. denied,* 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979). A defendant is entitled to counsel who is reasonably likely to render, and renders, reasonably effective assistance. *See Clark v. United States,* 606 F.2d 550, 551 (5th Cir. 1979); *Martin v. Blackburn,* 606 F.2d 92, 94 (5th Cir. 1979).

■ In opening argument, the Government stated that a man named Frank Bartley would testify as to his connection with the Petitioner and his co-defendant, Leonard Washington. Frank Bartley was only one of many Government witnesses, and at a later point in the trial, the Government decided not to call him, because of the dubiousness of his credibility. Mr. Bartley had been under the effects of drugs during the trial, and it was clearly a defense strategy not to call such a witness, even though defense counsel had the opportunity. Such a decision, considering all the facts and circumstances of a case, cannot be deemed to be the result of ineffective counsel. *See, e. g., United States v. Cowart,* 590 F.2d 603, 604 (5th Cir. 1979) (decision not to present evidence in order to keep out damaging Government tapes held not to be result of ineffective counsel).

■ The Petitioner claims that the indictment in this case was defective, because it was allegedly based upon the testimony of Frank Bartley. Even if true, this fact is immaterial, provided that the indictment, which is valid on its face, was returned by a legally constituted and unbiased Grand Jury. *See Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). Indictments may not be challenged merely upon the ground that there was inadequate or incompetent evidence before the Grand Jury. *Id.* There was no showing of illegality or bias in the composition of the instant Grand Jury, rendering this challenge meritless.

 One Government witness, Althea Tolliver, offered damaging testimony against Petitioner. Nonetheless, defense counsel was able to impeach the witness in a number of areas. Petitioner, however, alleges that defense counsel's failure to argue the fact that Tolliver had received a reward of $5,000.00, in connection with this case, was prejudicially damaging. Defense counsel was unaware of such a reward during the time of trial, even though it is clear that counsel was diligent in his investigation of the case. When he did learn of the reward, counsel filed a Motion for New Trial and raised the issue on direct appeal as a violation of the Government's duty to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In this case, the Fifth Circuit, on direct appeal, held that the reward offer was not *Brady* material, and even if it had been, it did not create "a reasonable doubt that did not otherwise exist." *United States v. Washington*, 550 F.2d at 330. This is especially true in light of the fact that defense counsel did elicit from Tolliver that she had received monetary payment from the Government in return for her statements. When an issue has already been determined on direct appeal, a Court need not reconsider it on a Section 2255 motion. *See United States v. Greer*, 600 F.2d 468, 469 (5th Cir. 1979). Even considering the issue again, it is clear that, in light of the facts, there was no ineffectiveness of counsel on this point.

 Counsel's alleged failure to subpoena certain defense witnesses in this case is also meritless, since the Trial Judge permitted the issuance of subpoenas *instanter*, and the witnesses did appear. No prejudice can stem from such a situation. The Petitioner also alleges that the discharge of another defense witness, John Mosera, without allowing him to testify, rendered the trial unfair. Mr. Mosera did not testify, however, due to an agreed stipulation that his testimony would corroborate that of another defense witness who had previously testified. The Petitioner demonstrates no showing of prejudice in defense counsel's decision in this matter, and no prejudice is observed by this Court.

 Petitioner also claims that the failure of defense counsel to present evidence on the former's inability to walk rendered his trial unfair. The Court finds this challenge puzzling, since this particular issue was not raised until this Section 2255 motion. There is no evidence at trial from the Petitioner, who testified, or anyone else that Petitioner suffered any walking disabilities. The only medical evidence presented at trial was that of Dr. Joseph DiLeo, a dermatologist, who treated Petitioner for a scalp disorder. Thus, this claim is also totally without merit.

 Lastly, the Petitioner claims that the possible linking of him to another incident involving the murder of a priest and a nun destroyed his chance for a fair trial. This argument, too, is wholly without merit, since that other murder was only mentioned at a hearing on a Motion to Suppress Identification, which was conducted before the trial and outside the presence of a jury.

 It is the duty of a Court-appointed counsel to interview potential witnesses and to make an independent examination of the factual circumstances, pleadings and law involved. *See Rummel v. Estelle*, 590 F.2d 103, 104 (5th Cir. 1979), *cert. granted*, 441 U.S. 960, 99 S.Ct. 2403, 60 L.Ed.2d 1064 (1979). In this case, defense counsel clearly satisfied such requirements. From the moment of appointment through the appeal of this case, the record is replete with defense counsel's vigorous, intelligent, and concerned representation of the Petitioner. Examining the facts in the present situation, it is apparent that Petitioner was afforded extremely effective counsel and that each and every one of Petitioner's challenges are totally devoid of merit.

AFFIRMED.