**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jimmy Bruce ROWAN,
Defendant-Appellant.**

**No. 80–7979
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 14, 1981.

Jimmy Bruce Rowan, pro se.

Holly Lee Wiseman, Birmingham, Ala., for plaintiff-appellee.

Before HILL, VANCE and HATCHETT, Circuit Judges.

PER CURIAM:

This is an appeal by Jimmy Bruce Rowan from the denial of his pro se petition for

relief filed under 28 U.S.C. § 2255. For the reasons stated below we affirm.

Appellant was convicted of conspiring to distribute heroin in violation of Title 21 U.S.C. § 841 and of nine violations of Title 21 U.S.C. § 841 for possessing and aiding and abetting in the possession of heroin with intent to distribute. The conviction was affirmed in *United States v. Bobo*, 586 F.2d 355, (1978), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1546, 59 L.Ed.2d 795, *reh. denied*, 99 S.Ct. 2187, 99 S.Ct. 2188, 60 L.Ed.2d 1062. Appellant's motion to vacate the conviction and sentence pursuant to Title 28 U.S.C. § 2255 was denied by the district court.

Appellant appealed the district court's ruling and subsequently filed a motion to supplement the record with "newly discovered evidence," which allegedly would show that the government knowingly used perjured testimony to convict appellant. We granted this motion, as well as a motion filed by the government to remand the case for the purpose of an evidentiary hearing on the new evidence.

The evidentiary hearing was conducted by a United States Magistrate who submitted a detailed report and recommendation to the district court. On the basis of the magistrate's recommendation, and a consideration of the record, the district court denied appellant's motion. This appeal was taken.

Of the issues raised by appellant all but two have been decided against appellant on direct appeal or are irrelevant to the relief sought. This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal. *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978). The two remaining issues are, whether the district court's finding that the government did not knowingly present perjured testimony at appellant's trial was clearly erroneous; and, whether appellant was improperly sentenced under 21 U.S.C. § 846 when the indictment citation charged an offense under 18 U.S.C. § 371.

A conviction will be set aside if it can be shown that the prosecution knowingly introduced perjured testimony in order to obtain the conviction. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.), *cert. denied*, 446 U.S. 945, 100 S.Ct. 2174, 64 L.Ed.2d 801 (1980). After conducting a full evidentiary hearing on the issue the United States Magistrate in this case concluded that no prosecuting official or investigating agent of the United States was aware of the giving of any false testimony against appellant. The magistrate further concluded that if the alleged perjurer did testify falsely as alleged, the testimony was not prejudicial in any way to the appellant. These findings of the magistrate were adopted by the district court.

We have examined the record carefully and conclude that the findings of the district court are not plainly erroneous, but rather are fully supported by the record.

Appellant's second contention is that the district court erroneously sentenced him under the specific narcotics conspiracy statute, although the indictment charged a violation of the general conspiracy statute, 18 U.S.C. § 371.[1] Rule 7(c)(3), Fed.R.Crim.P. expressly provides that an error in the citation of a statute does not invalidate an indictment unless the error misleads the defendant to his prejudice. Appellant does not argue that he was prejudiced, but rather that he was improperly sentenced for an offense for which he was never charged or convicted.

This Court in *Enzor v. United States*, 262 F.2d 172, 174 (5th Cir. 1958), *cert. denied*, 359 U.S. 953, 79 S.Ct. 740, 3 L.Ed.2d 761 (1959) held:

> The statute on which an indictment is founded is to be determined from the facts charged in the indictment, and the facts pleaded may bring the offense within one statute although another statute is referred to in the indictment.

---

1. 21 U.S.C. § 846 provides for a maximum sentence of fifteen years, while 18 U.S.C. § 371 provides for a maximum sentence of only five years.

The district court in the present case found that the allegations contained in the indictment demonstrated beyond dispute that the conspiracy charge was in fact based upon 21 U.S.C. § 846. The indictment expressly charged appellant with conspiring to violate 21 U.S.C. § 841(a)(1), and such a conspiracy is the specific proscription of 21 U.S.C. § 846.

We conclude that appellant suffered no prejudice as a result of the miscitation in the indictment.

AFFIRMED.