UNITED STATES of America, Plaintiff,

v.

Joanna DALTON, Defendant.

Nos. CR 87–41–M–CCL,
CV 90–130–M–CCL.

United States District Court,
D. Montana,
Missoula Division.

Dec. 12, 1990.

Joanna Dalton, pro se.

Robert J. Brooks, Asst. U.S. Atty., Butte, Mont., for defendant.

## OPINION AND ORDER

LOVELL, District Judge.

Before the court are Defendant Joanna Dalton's motion for a new trial pursuant to Rule 33, Fed.R.Crim.P., and motion to vacate sentence pursuant to 28 U.S.C. § 2255. The motion for a new trial is based on Defendant's allegations of newly discovered evidence; the section 2255 motion is based on the same newly discovered evi-

dence, along with Defendant's allegation that she was denied effective assistance of counsel. The new evidence which Defendant claims to have discovered is contained in an affidavit submitted by Defendant's daughter, Rachel Collins, who testified for the government at Defendant's trial. Defendant claims that her attorney's failure to interview Rachel prior to the trial and his failure to subpoena her ex-husband or to move for a continuance when the ex-husband did not appear in response to the United States' subpoena demonstrated ineffective assistance of counsel.

The United States has filed an objection to the granting of a new trial. The objection responds to the issues raised by Defendant in both the new trial motion and the section 2255 motion. Having considered the motions and objections of both parties, reviewed the records in this case, and reviewed its own independent recollections in this matter, the court is prepared to rule. The court has not held a hearing in this matter because Defendant's "allegations, when viewed against the record, do not state a claim for relief." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) *cert. den. Schaflander v. United States*, 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985).

### PROCEDURE

■ According to Rule 33, Fed.R.Crim. P., "a motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment" unless an appeal is pending. A jury found Defendant guilty of two counts of violating 18 U.S.C. § 1001 on June 22, 1988. The court imposed judgment on August 12, 1988. Defendant filed her motion for new trial more than two years later, on November 16, 1990. "Because Rule 33's time limitations are jurisdictional, a district court is powerless to consider an untimely motion for a new trial." *United States v. Cook*, 705 F.2d 350 (9th Cir.1983).

A number of federal circuits have allowed defendants to bring newly discovered evidence claims as collateral attacks under section 2255. *Baumann v. United States*, 692 F.2d 565, 579 n. 6 (9th Cir.1982) (specifically the 2d, 5th, 8th and 10th circuits). Although the Ninth Circuit has not yet decided this issue, it has indicated that when a defendant raises allegedly "newly discovered evidence" that should have been discovered prior to trial, as in the instant case, the failure to discover the evidence may be the product of ineffective assistance of counsel. *Id.* at 580. Defendant has brought a separate claim for ineffective assistance of counsel and, as part of that claim, has alleged that her attorney's failure to interview her daughter prior to trial contributed to the ineffectiveness of his assistance. Accordingly, the court can address both the newly discovered evidence issue and the ineffective assistance of counsel issue in the context of an ineffective assistance of counsel claim pursuant to section 2255.

### INEFFECTIVE ASSISTANCE OF COUNSEL

■ The court will set aside a conviction for ineffective assistance of counsel only if Defendant can meet the two-part test formulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

> First, the defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Second, the defendant must affirmatively prove prejudice. [S]he must show that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*United States v. Schaflander,* 743 F.2d 714 (9th Cir.1984) (citations omitted).

■ Because the ineffective assistance of counsel claim is based on counsel's failure to interview and/or call specific witnesses, Defendant must make specific allegations about the content of the witness's potential testimony in order to show how the failure to present that evidence prejudiced her. *Eaton v. United States,* 384 F.2d 235, 237 (9th Cir.1967). Defendant has made specific allegations about what her daughter, Rachel Collins, would have testified if Defendant's counsel had fully explained to Rachel the potential consequences of her testimony.

In her affidavit, Rachel says that she was aware that her mother was receiving social security benefit checks on Rachel's behalf because Rachel regularly endorsed the check. Rachel states that, on one occasion, after cashing the check, Defendant bought items for Rachel with the proceeds of the check. Rachel also says that she spent weekends with her mother and that her mother bought food and small items for her and provided her with spending money. Rachel apparently believes that these statements are different from the testimony she gave at her mother's trial because the affidavit goes on to say that she testified as she did at her mother's trial because she had been told that nothing would happen to her mother and was afraid that if she told the truth she might cause trouble for her father. Rachel's affidavit ends with the following statement: "I am making this statement now because I see what has happened to my mother and because I feel it is time that the truth finally comes out."

The court has carefully reviewed Rachel's trial testimony and finds that the truth as Rachel now sees it, according to her affidavit, differs little from the truth as Rachel saw it when she testified at her mother's trial. Rachel testified that she spent weekends and summers with her mother and that her mother bought her groceries and clothing and provided her with spending money. On cross-examination, Defendant's counsel elicited from Rachel the information that Rachel was with Defendant when Defendant applied for Rachel's social security benefits. Defense counsel's failure to interview Rachel prior to trial did not prejudice Defendant, because the testimony heard by the jury is not materially different from the testimony to which Rachel now swears in her affidavit.

Defendant also claims that her attorney's failure to subpoena her ex-husband or to move for a continuance when the ex-husband did not appear in response to the United States' subpoena demonstrated ineffective assistance of counsel. Defendant has failed to allege or to ascertain what her ex-husband's testimony would have been, therefore, the alleged incompetence of counsel does not raise factual issues sufficient to warrant a hearing on Defendant's section 2255 motion. *Eaton,* 384 F.2d at 237. Moreover, the defense counsel's failure to call Defendant's ex-husband, or to move to continue the trial pending his appearance, may have been sound defense strategy. *United States v. Johnson,* 615 F.2d 1125, 1127 (5th Cir.1980). Defense counsel probably thought that the ex-husband's testimony would have harmed, rather than helped, Defendant since the ex-husband was called as a government witness.

■ The court "need not determine whether counsel's performance was deficient" in this case because Defendant has failed to demonstrate that the results of the proceeding would have been different if her attorney had acted differently. The jury had before it all of the information to which Rachel now swears in her affidavit, and nevertheless found Defendant guilty. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion for a new trial and motion to vacate sentence are DENIED.

The clerk is directed forthwith to notify the parties of entry of this order.