PER CURIAM.
Appellant challenges his conviction for trafficking in cocaine in an amount greater than 200 grams but less than 400 grams, raising three issues on appeal. We agree that the trial court erred in failing to grant appellant’s post-trial motion for new trial, and we remand for a new trial.
Appellant was tried along with three code-fendants, none of whom testified at trial. Two other codefendants entered into plea agreements and testified for the state at the trial. These witnesses provided critical testimony linking appellant and his eodefendants to the crimes charged. In addition to this crucial evidence, the prosecutor elicited testimony from the testifying codefendants regarding the terms of their pleas, and introduced the plea agreements into evidence. The written plea agreements indicated that in exchange for the witnesses’ testimony in their eodefendants’ trial, the state would recommend the three year minimum mandatory term as opposed to the fifteen to thirty year sentences they otherwise faced. The jury found the four eodefendants guilty of trafficking in cocaine.
At appellant’s subsequent sentencing hearing, it became apparent that the state had actually recommended less than the minimum mandatory sentences for the testifying codefendants. Consequently, one witness had been sentenced to time served followed by community control, the other to sixteen months followed by probation. Thus, appellant moved for a new trial based on the state’s failure to disclose the true terms of the plea agreements with the testifying code-fendants. In fact, the prosecutor had affirmatively represented to the trial court that the written plea agreements constituted the “full and complete total proof of what the offer is”, and that there were no other offers other than those contained in the pleas.
The trial court denied appellant’s motion for new trial, notwithstanding the state’s misrepresentations as to the substance of the plea agreements. This was error. The failure to fully inform the jury of an agreement between a state witness and the state constitutes a denial of due process if the jury is misled as to the facts bearing on the credibility of the witness. Armstrong v. State, 399 So.2d 953, 960 (Fla.1981), see also Gorham v. State, 597 So.2d 782, 784-85 (Fla.1992). The jury in this case was misled as to the degree of favorableness of the codefendants’ plea agreements, thus the jury was unable to adequately assess their credibility. The trial court specifically noted that these were key state witnesses, and that without them the state had no case. Therefore, because there is a reasonable probability that the inadequate disclosure affected the outcome of the proceedings, a new trial is required. Gorham, 597 So.2d at 785.
Turning to appellant’s remaining points on appeal, we reject the argument that the stop was pretextual. See Springle v. State, 613 So.2d 65 (Fla. 4th DCA 1993). Finally, on retrial, the trial court should consider redacting the offensive and irrelevant language from the taped conversation between appellant and his codefendant so that he will not be unnecessarily prejudiced by its admission. See, Fla.Stat. § 90.403 (1991).
Reversed.
GLICKSTEIN and WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.