*394 EMILIO M. GARZA, Circuit Judge,
concurring:
I concur in the judgment and in all of the majority opinion with the exception of Part IV. While the majority finds that Lopez properly preserved for appellate review his claim that the government failed to introduce sufficient evidence of venue, I would hold that Lopez waived his venue rights. While I agree with the standard for venue issues on appeal articulated by the majority, I do not agree that it fits the facts of this case.
Defects relating to venue generally are waived unless asserted prior to trial. See United States v. Dryden, 423 F.2d 1175, 1178 (5th Cir.1970) (“Defects relating to venue are waived unless asserted prior to trial.”); Kitchen v. United States, 532 F.2d 445, 446 (5th Cir.1976) (same). As the majority notes, however, specific instances exist wherein a defendant may preserve the issue of venue on appeal despite the lack of pre-trial objection. See Maj. Op. at 392. Specifically, the majority states that “where adequate allegations are made but the impropriety of venue only becomes apparent at the close of the government’s case, a defendant may address the error by objecting at that time, and thus preserve the issue for appellate review.” Maj. Op. at 392-93.
The facts of this case fail to meet this standard in two ways. First, finding that Lopez’s objection to venue “only [became] apparent” at the close of the government’s case ignores the reality of this case. Maj. Op. at 393 (emphasis added). Here, red flags for venue would have been clear to Lopez prior to trial. Lopez was arrested in North Carolina and all three defendants were initially indicted in North Carolina, suggesting North Carolina as the situs of the charges. See Maj. Op. at 385. The government then dismissed the indictment and re-indicted the defendants on essentially the same charges in the Western District of Texas. Maj. Op. at 385. This circumstance put Lopez on notice of a potential venue problem despite the government’s proper allegations of venue in the indictment. Thus, his case does not involve a special circumstance preserving his venue objection for appeal and we should deem his objection waived.
Second, even if, as the majority states, Lopez had no basis to complain of venue until the government rested, the facts of this case do not suggest that any impropriety of venue ever became “apparent” at trial. To meet its burden on venue in this case, the government had to prove by the preponderance of the evidence that Santos and Carreon committed the substantive crimes in the Western District of Texas. See United States v. Winship, 724 F.2d 1116, 1125 (5th Cir.1984) (“Aiding and abetting may be tried in the district where the principal committed the substantive crimes.”). Here, as the majority concedes, “[t]he evidence clearly established that Santos and Carreon possessed marijuana in the Western District of Texas.” Maj. Op. at 393. If that is the case, then the majority begs the question of what it means to say impropriety is “apparent.” Where the evidence clearly establishes venue, there can be no apparent impropriety. To say otherwise would open the door to appeal by all defendants whose indictments alleged proper venue. That simply cannot be the case. If this ease meets the standard of apparent impropriety, then the rule articulated today only adds to the ambiguity of our prior jurisprudence on this issue.
I would hold that Lopez waived his objection to venue.