[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-13435

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2005
THOMAS  K. KAHN
CLERK

D. C. Docket Nos. 01-02567-CV-ASG
& 92-00571-CR-DTK

PETER J. HIDALGO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 29, 2005)**

Before BIRCH, CARNES and HILL, Circuit Judges.

PER CURIAM:

After denying Peter Hidalgo's 28 U.S.C. § 2255 motion, the district court granted a certificate of appealability on the following issue: "Whether Petitioner's Fifth Amendment right to due process was violated because the government affirmatively misrepresented facts to the jury and the trial court that the government knew or reasonably should have known were false." The allegedly misrepresented facts go to the extent of the possible reduction in sentence that three government witnesses against Hidalgo could receive in exchange for their testimony and whether one of those witnesses would be required to forfeit some property he had purchased with drug proceeds.

The issue described in the COA is not subject to review in this proceeding because it was raised and decided on direct appeal. See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.") (internal marks, citation and footnote omitted); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994) (per curiam) ("[P]rior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding."); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981) (per curiam) ("This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal."); United States

v. Johnson, 615 F.2d 1125, 1128 (5th Cir. 1980) (per curiam) ("When an issue has already been determined on direct appeal, a Court need not reconsider it on a Section 2255 motion."); Buckelew v. United States, 575 F.2d 515, 517–18 (5th Cir. 1978) ("[A] matter need not be reconsidered on a section 2255 motion if it has already been determined on direct appeal.") (internal citations omitted).[1]

Hidalgo raised this COA issue during his direct appeal. In his initial brief and in his corrected brief, filed a year after the original one, Hidalgo argued that during closing statements the prosecutor had intentionally misled the jury about facts bearing on the credibility of Anthony Lopez and Gilberto Morales, specifically the sentence reductions that their cooperation would win them. Original Appellant's Br. at 45–47; Corrected Appellant's Br. at 45–47. Hidalgo pointed out that Lopez's sentence had been "reduced to a single month in prison" and that "[t]he sentence reduction for Morales was also remarkably generous." Original Appellant's Br. at 46 (emphasis omitted); see also Corrected Appellant's Br. at 45.

In its response to Hidalgo's direct appeal, the government answered those specific arguments. See Appellee's Br. at 36–37. It did not deny that Lopez and

---

[1] Decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in this circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Morales had received generous sentence reductions.  Id.  Instead, it argued that

Hidalgo's claim is "spurious" because, "[a]t the time of [Hidalgo's] trial, the

prosecutor could not have known what Rule 35 sentence reductions—if any—a

district court might later confer on Lopez or Morales."  Id. at 36 n.15.

After Hidalgo filed his corrected brief and before his reply brief was due, the

sentence of the third government witness, Jose Goyriena, was substantially

reduced.  In his reply brief, Hidalgo pointed to that development as new evidence

in support of his argument.  See Appellant's Reply Br. at 9–11.  He even attached,

as an appendix to his brief, the government's Rule 35 motion in Goyriena's case

and the court's order reducing Goyriena's sentence.  Id. at Appendix 1.  Hence,

Hidalgo squarely raised the issue in each of his briefs on direct appeal.  It was

before us for decision.[2]

After hearing oral argument in Hidalgo's direct appeal, this Court issued a

published opinion affirming his conviction and sentence.  In its entirety, that

opinion stated:

> Appellants Peter Hidalgo, Samuel Olivera, and Andres Campillo
> appeal their convictions and sentences on multiple federal drug and firearm

---

[2] In a footnote, Hidalgo now suggests that his evidence about Goyriena comprised a new issue which he could not have raised in his reply brief.  That is a change in position.  Hidalgo's reply brief on direct appeal presented the evidence about Goyriena as evidence in support of the previously raised issue, not as a new issue.  See Appellant's Reply Br. at 9–11.  Consistent with that reply brief and with the phrasing of the issue in the COA, we treat it as one issue.

charges.  For a variety of reasons, each appellant seeks to have his conviction overturned and his sentence vacated.  Based upon the record in this case, and having considered the arguments of the parties, we find no reversible error.

We find one sentencing issue meriting discussion.  Appellants contend that the district court erred in enhancing their sentence by two levels for "restraint of a victim" under § 3A1.3 of the Federal Sentencing Guidelines.  The victim in this case was a co-conspirator who was suspected of betraying the other defendants, and who rejoined the conspiracy after he was released.  The appellants argue that, as a matter of law, a co-conspirator may not be considered a victim under this provision in the guidelines. We disagree, finding that the guideline provision allowing enhancement for restraint of a victim contemplates the restraint of any victim, co-conspirator or otherwise.  Accordingly, we affirm the appellants' convictions and sentences.  AFFIRMED.

United States v. Hidalgo, 197 F.3d 1108, 1109 (11th Cir. 1999).

If the panel of this Court that heard Hidalgo's direct appeal had not intended to decide all of the issues raised in the appeal, it would have said so.  If it believed that further factual development was needed, as Hidalgo now contends, it would have said so.  It did not.  Instead, the panel affirmed Hidalgo's conviction and sentence without reservation.  The opinion makes clear that the other issues raised by the appellants were decided against them and, in the panel's view, did not merit discussion.  There is no indication that the direct appeal panel declined to decide any issue, and given that Hidalgo had squarely raised the issue described in the COA, there is every indication that the panel did decide it.

There is also evidence beyond the opinion on direct appeal that this issue

5

was decided. Hidalgo filed a "Petition for Rehearing and Suggestion for Rehearing En Banc" that focused exclusively on this issue. See Petition at 1–15. The petition recited the sentence reductions for Morales, Lopez, and Goyriena, id. at 6–8, 10, and argued that the "Panel's silence in the face of [the prosecutor's] conduct . . . effectively sanctions that conduct," id. at 3. The petition noted that "Hidalgo appealed his conviction to this Court, raising numerous issues, including the prosecutor's improper closing argument and illegal plea bargaining practices." Id. at 9. The petition was denied.

Hidalgo cannot now convincingly claim that this issue was not decided on direct appeal. He raised the issue on direct appeal, the government responded by addressing the issue, and a panel of this Court concluded that there had been no reversible error. The issue was decided, and that decision precludes review now.[3] See Nyhuis, 211 F.3d at 1343; Mills, 36 F.3d at 1056; Rowan, 663 F.2d at 1035; Johnson, 615 F.2d at 1128; Buckelew, 575 F.2d at 517–18.

Moreover, Hidalgo's attempt to suggest that the argument he raised and lost on direct appeal (a challenge to the prosecutor's closing statements) is different

_____

[3] In his objections to the magistrate judge's report and recommendation concerning his § 2255 motion, Hidalgo contended for the first time that the prosecutor mislead the jury about Goyriena's credibility by stating that Goyriena would be forfeiting some property, which he never forfeited. This is additional evidence supporting Hidalgo's argument about the single issue described in the COA. It is not a new issue that was not considered during the direct appeal. Hence, it does not change our analysis.

6

from the argument he now raises (a Due Process challenge) is not persuasive.[4]

First, the argument made on direct appeal is materially identical to the argument made on collateral review. On direct review, Hidalgo argued that "the prosecutor intentionally misled the jury about what he knew, or reasonably should have known, was going to eventually take place when the cooperating witnesses received their promised sentence reductions." Original Appellant's Br. at 45; Corrected Appellant's Br. at 45. The importance of this, Hidalgo argued, is that "[t]he jury in the instant case was . . . mislead as to the facts bearing on the credibility of key witnesses." Original Appellant's Br. at 47 (quotation omitted); Corrected Appellant's Br. at 46 (same). In his brief in these collateral proceedings, the heading Hidalgo has attached to his argument is "The Intentional Misleading of the Jury." Appellant's § 2255 Br. at 30. That section of his brief begins with the assertion that: "The government cannot deny the words the prosecutor spoke to the jury, encouraging the jury to believe the trial testimony of Goyriena, Morales and Lopez because, although convicted felons all, even with full, honest cooperation, they would still be required to serve 30 years, 20 years and 10 years-to-life in

---

[4] As discussed below, Hidalgo's brief addressed an additional issue not covered by the COA, and we struck those portions of the brief. In doing so, we arguably struck too much, because we struck Hidalgo's argument that the COA issue before this Court was never decided on direct appeal. We have addressed that argument in full in this opinion, and we do not think it necessary to "un-strike" that portion of the brief or to ask the government to respond. For the reasons we have stated the argument is meritless.

7

prison respectively." Id. The brief then recites the sentence reductions the witnesses enjoyed and Goyriena's failure to forfeit property. Next it turns to a discussion of Moore v. State, 623 So. 2d 608 (Fla. 4th DCA 1993) (per curiam), a discussion that was cut from the direct appeal briefs and pasted into the collateral proceedings brief. Compare Original Appellant's Br. at 46–47 & Corrected Appellant's Br. at 45–46 with Appellant's § 2255 Br. at 34–35. If there is a difference between the argument that Hidalgo intended to make on direct appeal and the argument he makes now, it is slight indeed.

Second, even if the arguments are different, Hidalgo cannot repackage the same facts as a different argument and claim that his new, different argument could not have been raised before. Whether he packages his argument as a challenge to the prosecutor's closing statements (as he says he did on direct appeal) or as another Due Process violation (as he says he is doing now), the heart of Hidalgo's argument is that the prosecutor misled the jury about the credibility of government witnesses by misrepresenting the benefits those witnesses could expect in exchange for testifying. With the facts he asserted in attempting to make out the former argument, he should have also made out the latter.[5] Hidalgo's failure to do so

---

[5] We recognize, as noted above, that Hidalgo has more facts at his disposal now than he had when he first filed his direct appeal briefs. Nonetheless, the facts that he had when he first filed those briefs—the sentence reductions of Lopez and Morales—were equally available to support either argument. The additional facts about Goyriena's sentence reduction and failure to

results in procedural bar.  See Lynn v. United States, 365 F.3d 1225, 1234 (11th

Cir. 2004) (per curiam) ("Under the procedural default rule, a defendant generally

must advance an available challenge to a criminal conviction or sentence on direct

appeal or else the defendant is barred from presenting that claim in a § 2255

proceeding.").

To summarize, before this Court is the single COA issue involving an

alleged Due Process violation.  Because that issue was raised and decided on direct

appeal, we will not decide it again now.  See Nyhuis, 211 F.3d at 1343; Mills, 36

F.3d at 1056; Rowan, 663 F.2d at 1035; Johnson, 615 F.2d at 1128; Buckelew, 575

F.2d at 517–18.  If we were to accept Hidalgo's contention that this Due Process

argument is new, we would still deny relief because Hidalgo would be

procedurally barred from raising the argument now.  See Lynn, 365 F.3d at 1234.

One more point deserves mention.  Hidalgo briefed a Brady issue that was

not included in the COA.  Acting on the government's motion, we struck Hidalgo's

discussion of that issue from his initial brief.  After the government filed its answer

brief, Hidalgo added a footnote in his reply brief stating that the government had

"opened the door" to the issue.  He asked this Court to reconsider its order striking

_____

forfeit, which Hidalgo asserted in his reply brief on direct appeal and in his objections to the magistrate judge's report and recommendation in these proceedings, would further support either argument equally.  Hidalgo has offered no sound theory as to why he could raise—or "attempt to raise," as he would say—one argument but not the other.

the issue from his brief. At no time did Hidalgo ever request an expanded COA from this Court. We will not consider the additional issue. See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam) ("[W]e hold that in an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA.").

**AFFIRMED.**